IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES TACKETT,

      **Plaintiff,**

      v.                                    **CASE NO.  23-3101-JWL**

CENTURION,

      **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff James Tackett is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.   Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court provisionally grants Plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to submit the filing fee or a motion for leave to proceed in forma pauperis by the **May 11, 2023** deadline set forth in the Court's Notice of Deficiency at Doc. 4.  If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

Plaintiff alleges an Eighth Amendment violation based on inadequate medical care. Plaintiff claims that "the doctors" who deal with gender dysphoria failed to properly diagnose Plaintiff because they said Plaintiff was going home this year.  (Doc. 1, at 3.)  Plaintiff alleges that "the doctors" knew about Plaintiff's problems but chose to do nothing.  *Id.*  Plaintiff alleges

that Plaintiff has suffered from mental and emotional injuries and tried to commit suicide.  *Id*. at 4.

Plaintiff alleges that Plaintiff came to medical health around October 21, 2020, telling them that Plaintiff identifies as a transgender woman and would like to be diagnosed with gender dysphoria.  Plaintiff's first assessment was done on November 18, 2021, and Plaintiff was denied the diagnosis without explanation, other than them telling Plaintiff more tests needed to be done and they would see Plaintiff again in six months.  *Id*. at 6.  Plaintiff saw the doctor again on June 14, 2022, and Plaintiff "gave him a text book answer on everything."  *Id*.  Plaintiff expressed to the doctor that when Plaintiff cannot present themselves consistently with Plaintiff's gender identity, Plaintiff feels "sadness, severe depression, anxiety, disconnect, or self-hatred about my body and gender."  *Id*. at 7.  Plaintiff stated that "I often have a hard time doing everyday activities relating to other people, getting a job or taking care of my body.  I also have suicidal thoughts."  *Id*.  Plaintiff also advised the doctor that Plaintiff enjoys wearing women's clothes, using make-up, and shaving.  *Id*.  Plaintiff told the doctor that Plaintiff felt like Plaintiff should have been born as a woman and that Plaintiff wanted to have a sex change after Plaintiff's release from prison, but "for now I wanted to be diagnosed with G.D."  *Id*.

Plaintiff names Centurion as the sole defendant.  Plaintiff seeks the following relief:  an order directing the prison to provide Plaintiff with adequate medical care in the future; to be reevaluated and given a formal gender dysphoria diagnosis; punitive damages; and compensatory damages for "mental and emotional injury suffered while in custody at Hutchinson prison."  *Id*. at 9.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).  In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

 "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff seeks a diagnosis for gender dysphoria, but does indicate what medical care, if

any, Plaintiff is being denied absent the diagnosis.  Plaintiff also fails to name any individual that

denied Plaintiff medical care.  Plaintiff alleges that Plaintiff suffers from depression and anxiety,

but does not allege that Plaintiff has been denied treatment for those conditions or any other

mental healthcare.  Plaintiff should clarify and provide factual support for any such claim in an

amended complaint.

### 2. Centurion

Plaintiff names Centurion as the sole defendant in this case.  In the Tenth Circuit, "to

hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the

existence of the same sort of custom or policy that permits imposition of liability against

municipalities under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 . . . (1978)."  *Wishneski v.*

*Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted).   A

corporation may not be held liable based upon respondeat superior because "vicarious liability is

inapplicable to  . . . § 1983 suits."  *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir.

2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F.

App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th

Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a

tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior

theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL

2005920, at \*2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-

SAC, 2017 WL 6557419, at \*2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case

No. 07-3256-SAC, 2008 WL 1808340, at \*1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy

is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled

practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

"[A] failure-to-train claim may not be maintained . . . without a showing of a constitutional violation by the allegedly un-, under-, or improperly-trained officer." *Valdez v. Macdonald*, --- F.4th ---, 2023 WL 3051270, a n.14 (10th Cir. April 24, 2023) (citations omitted); *see also Estate of Burgaz v. Bd. of Cty. Comm'rs*, 30 F.4th 1181, 1189 (10th Cir. 2022) ("[T]o be held liable for either a failure-to-train or failure-to-supervise claim, an individual officer (or deputy) must have committed a constitutional violation.") (citations omitted); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998) (stating that "failure to train claims, like their basic excessive force claim against the individual officers, requires a predicate showing that the officers did in fact use excessive force").

Plaintiff references "the doctors" in the Complaint, but fails to name any individual health care provider. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . .

. § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

### 3.  Compensatory Damages

Plaintiff seeks compensatory damages for "mental and emotional injury suffered while in custody at Hutchinson prison."[1]   Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.   Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

## IV.  Motions

### 1.  Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 2), arguing that Plaintiff is unable to afford counsel. The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*

---

[1]   Plaintiff is currently incarcerated at EDCF.  It is unclear from the Complaint whether Plaintiff's medical visits occurred at EDCF or the Hutchinson Correctional Facility.

*v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### 2.   Motion for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction

Plaintiff's motion consists of a proposed order to show cause, directing the defendants to show cause why a preliminary injunction should not issue.  (Doc. 3, at 1–2.)  Plaintiff seeks to enjoin the defendants from harassing Plaintiff because of Plaintiff's female clothes, make-up and earrings, and to transfer Plaintiff to another prison.  *Id*.   The defendant has not been served in this case, and Plaintiff fails to set forth any facts justifying injunctive relief.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite

for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff does not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met Plaintiff's burden to make a heightened showing that entry of a preliminary injunction is warranted; Plaintiff has not demonstrated a likelihood of success on the merits such that Plaintiff's right to relief is clear and unequivocal.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3101-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal

participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to submit the filing fee or a motion for leave to proceed in forma pauperis by the **May 11, 2023** deadline set forth in the Court's Notice of Deficiency at Doc. 4.  If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 5, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 5, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated May 5, 2023, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**