IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES TACKETT,

      **Plaintiff,**

      v.                             CASE NO. 23-3101-JWL

CENTURION,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court provisionally granted Plaintiff leave to proceed in forma pauperis.[1] On May 5, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until June 5, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

The underlying facts and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff alleges an Eighth Amendment violation based on inadequate medical care, claiming that "the doctors" who deal with gender dysphoria failed to properly diagnose Plaintiff because they said Plaintiff was going home this year. (Doc. 1, at 3.) Plaintiff alleges that "the doctors" knew about Plaintiff's problems but chose to do nothing, causing Plaintiff to suffer from mental and emotional injuries and to attempt to commit suicide. *Id*. at 4.

---

[1] The MOSC also provides that Plaintiff remains obligated to submit the filing fee or a motion for leave to proceed in forma pauperis by the **May 11, 2023** deadline set forth in the Court's Notice of Deficiency at Doc. 4, and "[i]f Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order." Plaintiff has failed to submit the filing fee or a motion for leave to proceed in forma pauperis.

The Court found in the MOSC that Plaintiff seeks a diagnosis for gender dysphoria, but does not indicate what medical care, if any, Plaintiff is being denied absent the diagnosis. Plaintiff also fails to name any individual that denied Plaintiff medical care. Plaintiff alleges that Plaintiff suffers from depression and anxiety, but does not allege that Plaintiff has been denied treatment for those conditions or any other mental healthcare. The Court directed Plaintiff to clarify and provide factual support for any such claim in an amended complaint.

The Court also found that Plaintiff names Centurion as the sole defendant in this case. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted).

"[A] failure-to-train claim may not be maintained . . . without a showing of a constitutional violation by the allegedly un-, under-, or improperly-trained officer." *Valdez v. Macdonald*, 66 F.4th 796, 813 at n.14 (10th Cir. 2023) (citations omitted); *see also Estate of Burgaz v. Bd. of Cty. Comm'rs*, 30 F.4th 1181, 1189 (10th Cir. 2022) ("[T]o be held liable for either a failure-to-train or failure-to-supervise claim, an individual officer (or deputy) must have

2

committed a constitutional violation.") (citations omitted); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998) (stating that "failure to train claims, like their basic excessive force claim against the individual officers, requires a predicate showing that the officers did in fact use excessive force").

The Court found in the MOSC that Plaintiff references "the doctors" in the Complaint, but fails to name any individual health care provider. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The Court also found in the MOSC that Plaintiff seeks compensatory damages for "mental and emotional injury suffered while in custody at Hutchinson prison."[2] Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

---

[2] Plaintiff is currently incarcerated at EDCF. It is unclear from the Complaint whether Plaintiff's medical visits occurred at EDCF or the Hutchinson Correctional Facility.

mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 5, at 12.) Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 12, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**